JOHNSTONE, Justice
(dissenting).
Section 6-5-641(e), Ala.Code 1975, provides, in pertinent part:
“In making this determination [whether to certify a putative class], the court shall analyze all factors required by Ala. R. Civ. P. 23 for certification of a class and shall not order certification unless all such factors shall have been established. In announcing its determination, the court shall place in the record of the action a written order addressing all such factors and specifying the evidence, or lack of evidence, on which the court has based its decision with regard to whether each such factor has been established. In so doing, the court may treat a factor as having been established if all parties to the action have so stipulated on the record and if the court shall be satisfied that such factor could be proven to have been established.” (Emphasis added.)
The named “parties to the action” did stipulate on the record that all of the Rule 23, Ala. R. Civ. P., factors had been established. Pursuant to that stipulation, the class certification order stated that the trial court “specifically [found] that the requirements under Alabama Rule of Civil Procedure 23 for class certification have been met.”
At the time of the stipulation by the named “parties to the action,” before the putative classes had been certified, neither Objector Little nor any other unnamed member of the putative classes was a “partly] to the action,” since only the subsequent class certification made them parties. Section 6-5-641(e) does not require, and could not practicably require, that all putative class members join in such a stipulation. Therefore, a stipulation by Objector Little was not necessary to a stipulation by “all parties to the action” sufficient to authorize the trial court to “treat [the] factor[s] as having been established” and thereupon to certify the classes. § 6-5-641(e).
*410 Thus, the class certification in this case substantially meets the requirements, stated and preempted by § 6-5-641, for a “rigorous analysis,” without any further, pro forma discussion of the Rule 23 factors by the trial court. Consequently, I respectfully dissent from the main opinion and its judgments.